# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL ROBINSON,** | : | **No. 4:25-CV-2092** |
| | : | |
| **Plaintiff** | : | **(Brann, C.J.)** |
| | : | |
| **v.** | : | **(Caraballo, M.J.)** |
| | : | |
| **JUDGE ROBERT B. SAYLOR,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>REPORT AND RECOMMENDATION</u>

On November 5, 2025, Plaintiff Michael Robinson,[1] proceeding pro

se, commenced this action against 11 individuals and entities. Doc. 1.

The complaint seemingly takes umbrage with the outcome of a local

---

[1] Robinson initiated at least 13 cases in the Middle District of Pennsylvania since the year 2017. The 13 cases include: (1) *Robinson v. Northumberland Cnty. Children & Youth Servs.*, No. 17-CV-1321; (2) *Robinson v. Millbrand*, No. 17-CV-1322; (3) *Robinson v. Leschinski*, No. 17-CV-1416; (4) *Robinson v. Northumberland Cnty.*, No. 18-CV-989; (5) *Robinson v. Northumberland Cnty. Jail*, No. 21-CV-1905; (6) *Robinson v. City of Shamokin, PA*, No. 22-CV-45; (7) *Robinson v. Northumberland Cnty.*, No. 23-CV-1044; (8) *Robinson v. City of Shamokin*, 25-CV-1134; (9) *Robinson v. Slaby*, 25-CV-2091; (10) *Robinson v. Saylor*, 25-CV-2092; (11) *Robinson v. Saylor*, 20-CV-2093; (12) *Robinson v. Montgomery Cnty.*, 25-CV-2217; and (13) *Robinson v. Sample New Grp., LLC*, 25-CV-2306. Three of the 13 cases are currently assigned to the undersigned: (1) *Robinson v. Slaby*, 25-CV-2091; (2) *Robinson v. Saylor*, 25-CV-2092; (3) *Robinson v. Saylor*, 20-CV-2093. Of the remaining ten, seven were dismissed at the screening stage: (1) *Robinson v. Northumberland Cnty. Children & Youth Servs.*, No. 17-CV-1321; (2) *Robinson v. Millbrand*, No. 17-CV-1322; (3) *Robinson v. Leschinski*, No. 17-CV-1416; (4) *Robinson v. City of Shamokin, PA*, No. 22-CV-45; (5) *Robinson v. Northumberland Cnty.*, No. 23-CV-1044; (6) *Robinson v. Montgomery Cnty.*, 25-CV-2217; and (7) *Robinson v. Sample New Grp., LLC*, 25-CV-2306.

election held in Shamokin, Pennsylvania, on November 4, 2025. *See id.* at 2 ("VIOD [sic] NOV. 4 RESULTS"). Robinson simultaneously applied for and was granted leave to proceed in forma pauperis, Docs. 2; 5, with the complaint's service held in abeyance pending the Court's screening obligations. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring sua sponte dismissal if action is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Robinson also filed a motion for a temporary restraining order, requesting that the election be voided. Doc. 3.

On the same date that he commenced this action, Robinson filed two other actions against the same group of individuals and entities, based on similar premises. *See* Nos. 4:25-CV-2091 at Doc. 1 at 3 (M.D. Pa. 2025) ("VOID NOV. 4 2025 SHAMOKIN ELECTION RESULTS"); 4:25-CV-2093 at Doc. 1 at 2 (M.D. Pa. 2025) ("VOID NOV 4. SHAMOKIN ELECTION RESULTS"). Subsequently, on January 8, 2026, Robinson moved to consolidate the three actions into the action No. 25-CV-2091. No. 4:25-CV-2091 at Doc. 6. In action No. 25-CV-2091,

2

Robinson filed a motion for a temporary restraining order (Doc. 3) that is substantially similar to the motion filed in this action. Doc. 3.

As the motion to consolidate in No. 4:25-CV-2091 is being granted in conjunction with this Report and Recommendation, the undersigned recommends that this action be closed, accordingly. Further, as the pending motion for a temporary restraining order in this action and the consolidated suit are essentially the same, the undersigned recommends that the pending motion for a temporary restraining order in this action be denied without prejudice.

Accordingly, the undersigned **RECOMMENDS** that:

1.    The motion for a temporary restraining order (Doc. 3) be **DENIED WITHOUT PREJUDICE**; and

2.    The Clerk's Office be **DIRECTED** to **TERMINATE** all pending defendants in this action, and **CLOSE** this action.

Robinson is also placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk

3

of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing R&R may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: March 3, 2026               *s/ Phillip J. Caraballo*
                                  Phillip J. Caraballo
                                  United States Magistrate Judge

4